**Yelena AZHGIREVICH and Khakim Kasimov, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–2994–ag.

United States Court of Appeals, Second Circuit.

June 12, 2006.

Tatiana S. Aristova, Philadelphia, PA, for Petitioner.

Todd P. Graves, United States Attorney, District of Missouri, Cynthia J. Hyde, Assistant United States Attorney, Springfield, MO, for Respondent.

Present: JAMES L. OAKES, CHESTER J. STRAUB and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED and DECREED that the petition for review is GRANTED and the case REMANDED for further consideration consistent with this order.

Yelena Azhgirevich (A95–838–081) and Khakim Kasimov (A95–838–082) petition for review of the May 2005 order of the BIA dismissing their appeal from the decision of Immigration Judge ("IJ") Adam Opaciuch, which denied their application for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). Familiarity with the facts

and the procedural history of the case is presumed.

Azhgirevich and Kasimov contend that the BIA erroneously adopted the IJ's decision finding that they had failed to establish past persecution or a well-founded fear of persecution and that their applications for asylum, withholding of removal and relief under CAT should have been granted because of their persecution in Uzbekistan on account of Azhgirevich's Russian background, their interfaith marriage, and their prior status as employees of the President's former son-in-law, who has been under investigation.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales,* 331 F.3d at 306–08.

■ The IJ erred in not considering the entirety of Azhgirevich's testimony in determining whether or not she had suffered past persecution. "Persecution" has been defined as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216, 1985 WL 56042 (BIA 1985). Although conduct must rise above mere harassment to constitute persecution, persecution "includes more than threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category." *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (quoting *Begzatowski v. INS,* 278 F.3d 665, 669 (7th Cir.2002)) (internal quotation marks and alterations removed); see also *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (defining persecution as the "infliction of suffering or harm upon those who differ on the basis of a protected statutory ground"). This Court has stated that, because "taking isolated incidents out of context may be misleading, ... the cumulative effect of the applicant's experience must be taken into account." See *Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005).

Here, Azhgirevich testified that her Uzbeki neighbors had cursed her and her family for years and had frequently thrown rocks at them on their way to church; her brother had been attacked and seriously injured by Uzbeki children; her husband had been seriously assaulted by Uzbeki men while they called him a "traitor" and her a "Russian whore"; her home had been ransacked and defaced with graffiti constituting death threats and ethnic slurs relating to both her Russian background and her husband's Muslim faith; and she had been assaulted, physically and sexually, by men referencing her Russian background and her relationship with a Muslim man. Cumulatively, the abuse Azhgirevich suffered was severe enough to amount to persecution.

■ In reviewing whether the IJ correctly found that there was no nexus to a protected ground of persecution, it is difficult to separate whether the persecution Azhgirevich allegedly suffered was on account of her ethnic/national background as a Russian (technically, Belorussian) or her faith in the Russian Orthodox Church. *See Osorio v. INS,* 18 F.3d 1017, 1027 (2d Cir.1994) (noting that, according to the United Nations Handbook, it is immaterial whether persecution arises out of any sin-

gle enumerated ground or a combination of the grounds).

The IJ incorrectly found that Azhgirevich did not suffer harm on account of one of the protected grounds, noting that the incidents she experienced were isolated, sexual attacks. The Supreme Court has held that an applicant need not produce direct proof of her persecutor's motives, but must provide some evidence of it, whether direct or circumstantial. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Interpreting *Elias–Zacarias* and the regulations, this Court has held that the phrase " 'persecution on account of the victim's political opinion,' does not mean persecution solely on account of the victim's political opinion" and that there can be multiple causes. *See Osorio,* 18 F.3d at 1028 (finding overlap between economic and political grounds). At least six circuits have adopted the "mixed motives doctrine," which recognizes that an individual may qualify for asylum if her persecutors have more than one motive as long as one of the motives is specified in the INA. *See, e.g., Mohideen v. Gonzales,* 416 F.3d 567, 570 (7th Cir.2005); *De Brenner v. Ashcroft,* 388 F.3d 629, 636 (8th Cir.2004); *Lopez–Soto v. Ashcroft,* 383 F.3d 228, 236 (4th Cir.2004); *Girma v. INS,* 283 F.3d 664, 667 (5th Cir.2002); *Borja v. INS,* 175 F.3d 732, 735–36 (9th Cir.1999); *Chang v. INS,* 119 F.3d 1055, 1065 (3d Cir.1997). Here, the IJ failed to consider Azhgirevich's testimony that, when Sharipov, the police officer and neighbor, attacked her, he had called her a "Russian whore" and told her, "you should satisfy not only ... one Muslim ... [but] all the Muslims." While the attack may have appeared to be a criminal act, the language used implied that Sharipov took action because Azhgirevich was Russian and had married a Muslim man. *Cf. Gjerazi v. Gonzales,* 435 F.3d 800 (7th Cir.2006) (granting petition where IJ concluded assault and kidnaping took place by criminals, not political persecutors, but disregarded assailants' contemporaneous statements indicating that the attacks were politically motivated). Similarly, when Azhgirevich was groped and pushed on the bus, the assailant had stated, "you Russians have no rights to express your opinions here." She told the IJ that she was obviously Russian-looking and had different features than Uzbeki women and, for that reason, the others on the bus either failed to help her or even joined in the pushing. According to her, this had been a common occurrence for female members of her family, as well as other Russian women. Thus, Azhgirevich provided testimony indicating that her assailants were motivated, at least in significant part, by animus based in religion or nationality. Indeed, the IJ found that Azhgirevich had failed to show documentation indicating that she was practicing her faith. Yet, regardless of the date of Azhgirevich's baptismal certificate, the document itself reveals that she was baptized in the Russian Orthodox Church. Additionally, she was persecuted on account of religion due to her marriage to a Muslim man. *See Maini v. INS,* 212 F.3d 1167, 1175 (9th Cir.2000) (holding that any group, even if diverse, that persecutes people for marrying between races, religions, nationalities, etc., is one that persecutes on account of a protected ground).

■ The IJ also improperly rejected Kasimov's testimony regarding his alleged past persecution because he had not submitted documentation showing that he was a Muslim. The IJ's doubting that Kasimov was, in fact, Muslim is peculiar given that there was no issue as to Petitioners' credibility and given that the State Department Report on country conditions observes that 88% of Uzbekistan's population is of the Muslim faith. It is true that this

Court has held that "while consistent, detailed, and credible testimony may be sufficient to carry the alien's burden," *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000), it is also true that "evidence corroborating his story, or an explanation for its absence, may be required where it would be reasonably expected." *Id.* However, to deny an asylum claim for lack of sufficient corroboration, the court must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003) (citing *Diallo*, 232 F.3d at 285–90).

Here, Kasimov—who was not a devout Muslim—stated that he had attended mosque in Prava with his parents, but attended very little in Tashkent due to the hostilities after 1989. He also stated that documents showing that one is Muslim did not exist in Uzbekistan. Accordingly, having such an official document or a letter from either of these mosques would not be reasonably expected. Further, although Kasimov did not have a letter from the mosque in the United States, it is unfair in this case to demand that he demonstrate he is a religious Muslim in order to prove he had been persecuted due to his marriage to a non-Muslim. As the Ninth Circuit in *Maini* stated:

> If an applicant can establish that others in his group persecuted him because they found him insufficiently loyal or authentic to the religious, political, national, racial, or ethnic ideal they espouse, he has shown persecution on account of a protected ground. Simply put, persecution aimed at stamping out an interfaith marriage is without question persecution on account of religion.

212 F.3d at 1175. Kasimov testified that he had been harassed and beaten in Tashkent by other Muslim men who apparently perceived him as a traitor to his religion. Indeed, he had been called a "traitor" or "infidel" by neighbors and had rocks thrown at him when he accompanied his wife to church. During the beating, the men insulted him, called him a "traitor," and called his wife a "Russian whore." Moreover, when the house was ransacked, there were references to both his Muslim background and his wife's Russian background. Accordingly, Petitioners established they had suffered past persecution on account of a protected ground.

■ Even if Petitioners did not establish past persecution, they may establish a well-founded fear of future persecution if they show that their fear is both subjectively genuine and objectively reasonable. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68 (2d Cir.2002). In proving one has a well-founded fear of persecution

> an applicant *need not establish a reasonable possibility that he will be singled out for persecution if* he can demonstrate that "there is a pattern or practice ... of persecution of a group of persons similarly situated to the applicant," and the applicant is a member of the group, "such that his or her fear of persecution upon return is reasonable."

*Ramsameachire*, 357 F.3d at 183 (quoting 8 C.F.R. § 208.13(b)(2)(iii)(B) (further citations omitted; ellipses in *Ramsameachire*; emphasis added)); *see also Lolong v. Gonzales*, 400 F.3d 1215, 1219 (9th Cir.2005) (clarifying that well-founded fear of persecution may be based on either individualized or group-based risk of persecution). Here, the IJ found that the absence of a discussion in the State Department Report about a pattern or practice against Russians or members of the Russian Orthodox Church impeded the Petitioners' proving their claim of past persecution or establishing their claim of a well-founded fear of

persecution. Yet, while the background material is essentially devoid of any reference to the mistreatment of Russians in Uzbekistan or of any mention of the Uzbeki Muslim community's perceptions of interfaith marriage, Petitioners' credible testimony revealed that they had been repeatedly "singled out individually" and targeted on account of Azhgirevich's Russian background and the couple's interfaith marriage. See 8 C.F.R. § 208.13(b)(2)(i) and (iii)(A). They both testified that the Koran forbids a Muslim person to marry outside his faith. The repeated harassment and assault to which the Petitioners testified certainly support a reasonable fear that the acts by the Uzbeki neighbors will, at a minimum, continue, if not worsen. Given the Petitioners' unique background and several years' absence from the neighborhood, it is reasonable to believe that their return to Tashkent will spark attention and serve as a reminder to their neighbors to resume the hostility advanced in the past. Accordingly, Petitioners established a well-founded fear of future persecution if they return to Uzbekistan.

Nonetheless, we decline to reach these closer questions, apart from vacating and remanding them in light of our other holdings, because they will become immaterial if Petitioners are granted asylum. We simply note that, with respect to the withholding claim, Azhgirevich would be entitled to a rebuttable presumption of future persecution based on our finding of past persecution.

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, Petitioners' pending motion for a stay of removal is DENIED as moot.